No. 6076.

## J. B. HOWELL v. B. T. ESTES.

1. EASEMENT—It is elementary that, to constitute an easement, the dominant and the servient estates must be held by different owners, and when the owner of an estate enjoys an easement over another, and acquires title to the latter, the easement is thereby extinguished.

2. SAME.—If an improvement constructed over, under or upon one parcel of land for the convenient use or enjoyment of another contiguous parcel by the owner of both, be open, visible and permanent in its character, and of such nature as does not require the act of man to perfect or indicate its use, and the owner alienate the latter, the use of such improvement will pass as an easement.

3. SAME.—A testator owned two adjoining town lots upon which he built adjoining houses two stories high with a common partition wall. A stairway was placed adjoining the partition, by which access was had to the second story of the other. *Held*, a devise of the latter carried the right to use the stairway as an approach to the second story, as had been the use by the testator.

ERROR from Collin. Tried below before the Hon. Richard Maltbie.

*Garnett & Muse*, for plaintiff in error: 1. The petition did not show any equity in this, the stairway is alleged to be wholly upon defendant's land, and plaintiffs do not allege any interest therein, nor any right to the stairway. (2 Wash. on Real Property, 4 ed., 301; Stuyvesant v. Woodruff, 1 Zabriskie, 133, in 47 Am. Dec., 156; Wash. on Easement and Servitude, 3 ed., 171; Id., 276, Id., 35; Id., 640; Id., 234; Collier v. Pierce, 7 Gray, 18, 66 Am. Decis., 454; Ritger v. Parker, 8 Cushing, 145 in 54 Am. Dec., 746; Screven v. Gregorie, 8 Richardson Law, 158, in 64 Am. Dec., 747; 11 Am. Law Reg., N. S., 127, 128.)

2. It requires an actual necessity, and not a mere incon-venience to entitle a person to a right of way, by necessity, over the land of another person. (Stuyvesant v. Woodruff, 1 Zabris-kie, 133, in 47 Am. Dec., 158; Gale & What. on Easements, 84; Id., 48; Wash. on Easements and Servitude, 3 ed., 234; Id., 58, 59; Grant v. Chase, 17 Mass., 443; Wright v. Rattway, 1 East., 381; Collier v. Pierce, 7 Gray, 18, in 66 Am. Dec., 454; Lawton v. Rivers, 2 McCord, 445, in 13 Am. Dec., 741; 6 Jacob's Law Directory, 415; Screven v. Gregorie, 8 Richardson Law, 158, in 64 Am. Dec., 747; Carbrey v. Willis, 7 Allen, 364, in 83 Am Dec., 688.)

3. The *will* did not, in express terms nor by implication, de-vise to plaintiffs an easement upon defendant's land. (Stuyve-sant v. Woodruff, 1 Zabriskie, 133. in 47 Am. Dec., 158; Whal-ley v. Thompson, 1 Bos. & Pul., 371; Wash. on Easement and Servitude, 3 ed., 58, 59; Id., 35; Id., 51, 52; Gale & Whatley on Easements, 48; Dillman v. Hoffman, 38 Wis., 574; Collier v. Pierce, 7 Gray, 18, in 66 Am. Dec., 453; Grant v. Chase, 17 Mass., 443, in 9 Am. Dec., 161; Randall v. McLaughlin, 10 Por-ter, 368.)

*K. R. Craig,* for defendant in error: 1. That while an owner of several parcels of land may not, in the nature of the case, establish what would be technically an easement against him-self, yet, he can establish an easement as between the parcels of land or houses which would operate as a burden on the value or use of one for the benefit of the other, and when such easement has been so established, it attaches as a part of the property and passes with it by conveyance. (Seymour v. Lewis, 2 Beasley's Ch., 439; same case, 78 Am., Dec., 105, and authorities cited; Gale & Whatley on Easements, 51–53; Lamp-man v. Milks, 21 N. Y., 507; United States v. Appleton, 1 Sumn., 502; Twisden, J., in Palmer v. Fletcher, 1 Lev., 122, sustained in Riviere v. Bower, 1 Ry. and M., 24; Fetters v. Humpherys, 19 N. J., 476; Goodall v. Godfrey, 53 Vt., 225; Kutz v. McCune, 22 Wis., 630; Wash. on Easmment, 16, 31, 43, 44; Gale on Easement, 4 ed., 87; Goddard on Easement, Bennett's ed., 119, 122; and see particularly Freeman's note to Elliott v. Rhett, 57 Am. Dec., 759.)

2. The doctrine asserted in first counter proposition applies as well to a partition of the property, either by will, by admin-istration, by forced sale of a part, or by agreement between

joint owners, as to the case of a direct grant. (Kilgour v. Aschom, 5 Har. and J., 82; Burwell v. Hobson, 12 Gratt., 322; Goodall v. Godfrey, 53 Vt., 219; Durel v. Boisblanc, 1 La. Ann.; 407; Morrison v. King, 62 Ill., 30; Thompson v. Miner, 30 Iowa, 386.)

3. To entitle defendants in error to maintain their claim of easement in the stairway in question, it was only necessary for them to establish that such easement was created by Daniel Howell during his ownership of both buildings; that the easement was of a character open and apparent; was reasonably necessary for the convenient use and enjoyment of their premises as constructed, and was of a permanent and beneficial character. (Fetters v. Humphreys, 18 N. J. Eq., 260; Lampman v. Milks, 21 N. Y., 505; Simmons v. Cloonan, 81 N. Y, 557; Ewart v. Cochrane, 4 Macy, 123; Pyer v. Carter, 1 Hurlst. & N., 916.)

GAINES, ASSOCIATE JUSTICE. Daniel Howell, being the owner of certain contiguous business lots in the city of McKinney, constructed upon two of them two brick buildings, each two stories in height, with a common or party wall between them. The lower story in each building was designed and used as a mercantile store house. In the upper stories offices were constructed which were leased to professional men. The upper rooms of the two buildings were reached by a stairway which was attached to the partition wall and opened upon the street or public square in front of the structure. The stairway was, however, wholly within one of the buildings, and upon the lot upon which that building was situated. Daniel Howell died, having made his will by which he devised the building containing the stairway to his son, the plaintiff in error, and the other to his daughter, Mrs. Estes, whose title so acquired defendants in error now have. The plaintiff in error having denied the use of the stairway as an approach to the upper rooms of the other building, this suit was brought to enjoin him from interfering with the free use of the stairway by defendants in error and their tenants; and upon final hearing a perpetual injunction was granted.

The facts stated are substantially the facts alleged in the petition and found by the court. All the errors assigned present practically the same question: Did the use of the stairway, as appurtenant to the building, pass by the devise of Daniel How

ell to his daughter? There is no statement of facts in the record, but the court found, in effect, that the stairway was not an absolute necessity to the use of the upper rooms in the other building; that at an expense of fifty dollars a stairway could be constructed in that building which would be more convenient to the use of the upper rooms, but which would be a material detriment to the use of the store room below. Upon the precise point thus presented, there is some conflict of authority. Counsel for plaintiff in error insist that, while the title to both houses was in Daniel Howell there could be no servitude, and that by the devise no servitude passed by implication except such as is absolutely necessary to the enjoyment of the property conveyed. Upon the first proposition there is no conflict of authority. The principle is elementary that, to constitute an easement, the dominant and the servient estates must be held by different owners; and when the owner of an estate enjoys an easement over another and acquires title to the latter, the easement is thereby extinguished. The Supreme Court of Massachusetts also hold that in order to create an easement by implication, when the title to the two parcels is severed by grant or otherwise, it must be strictly necessary to the enjoyment of the estate in favor of which it is claimed; and that if another means can be provided equally beneficial, without unreasonable labor and expense, no easement will pass. (Randall v. McLaughlin, 10 Allen, 366; Carbrey v. Willis, 7 Allen, 364; Buss v. Dyer, 125 Mass., 287.)

But, there is another view of this subject. "Strictly speaking, a man can not subject one part of his property to another by an easement, for no man can have an easement on his own property, but he obtains the same right by the exercise of another right, the general right of property; but he has not thereby permanently altered the quality of two parts of his heritage; and if, after the annexation of peculiar qualities, he alienates one part of his heritage, it seems but reasonable that if the alterations thus made are palpable and manifest, that a purchaser should take the lands burthened or benefited, as the case may be, by the qualities which the previous owner had undoubtedly the right to attach to it." (Gale & Whatley on Easements, 40.)

The authors from whom we have quoted also say that the "qualities" so annexed must be "apparent and continuous," and these terms have been generally adopted by the courts, at

least in this country, as descriptive of the character of an improvement which will justify the claim of an easement. The word "continuous" is used in a technical sense, and, as we understand it, means continuously connected. A "discontinuous" easement is said to be one which requires the act of man to complete it; for example, a pump upon one lot, which is used to supply water to another lot, but from which the water has to be conveyed by hand.

We think the weight of authority sustains the proposition that if an improvement constructed over, under or upon one parcel of land for the convenient use and enjoyment of another contiguous parcel by the owner of both, be open and usable and permanent in its character, and of such a nature as does not require the act of man to perfect or indicate its use, and the owner alienate the latter, the use of such improvement will pass as an easement, although it may not be absolutely necessary to the enjoyment of the estate conveyed. (Lampman v. Milks, 21 N. Y., 505, and authorities there cited; Ewart v. Cochrane, 4 McQueen, 123; Keiffer v. Imhoff, 26 Penn. State, 438; Kilgour v. Aschom, 5 Harris & J., Md., 82; Seymour v. Lewis, 13 N. J. Eq , 439; Elliott v. Rhett, 8 Rich. Law, S. C., 405; see also Freeman's notes to same case, 57 Am. Dec., 762, and authorities cited.)

In Ewart v. Cochrane, supra, the court say the easement must be "necessary for the reasonable and comfortable enjoyment of the property as it existed before the time of the grant." If without alteration involving labor and expense, the convenience is necessary to the use of the property as it exists at the time of the conveyance, the easement passes. This seems to us the more reasonable doctrine. The reason of the rule in case of an easement implied on account of strict necessity, is that the grantor shall not be permitted to derogate from his grant by denying to the grantee the means by which it is to be enjoyed. For the same reason he should not be permitted to deny the use of open and usable improvements, which, without alterations involving labor and expense, are necessary to the use of the property granted. The estate retained by him being used by him at the time of the grant for the benefit of the other, by means of an obvious artificial conveyance, and such use being necessary to the enjoyment of the latter in its existing condition, it is to be presumed that he intended to convey the estate, accompanied by the easement.

We apprehend that it should likewise be presumed that a devisor who devises property under like circumstances intended to devise with it a usable and permanent improvement upon contiguous property devised to another in the same will, which is necessary to its enjoyment in its existing state, and that the learned judge who tried the case below did not err in so holding. That such easement will pass by a devise is expressly held by the Supreme Court of Pennsylvania. (Phillips v. Phillips, 48 Penn. State, 178; see also as to partition, Kilgour v. Aschom, supra; Thompson v. Minor, 30 Iowa, 386; Burwell v. Hobson, 12 Grattan, 322; Morrison v. King, 62 Ill., 30.)

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered November 9, 1888.