## EL PASO LAND IMPROVEMENT CO. v. CRAWFORD et al. (No. 1832.)

(Court of Civil Appeals of Texas. El Paso. Feb. 4, 1926. Rehearing Denied Feb. 25, 1926.)

**1. Appeal and error ☞218(2).**

Form of special issue cannot be complained of on appeal, where no objection is made thereto at trial.

**2. Appeal and error ☞1070(2).**

Special finding on issue not raised by pleading is immaterial, where judgment is sustained by findings on other issues.

**3. Trial ☞350(2), 351(5).**

Refusal of requested issues not submitting ultimate issues of fact and embodied in issues submitted, in so far as correct, was not error.

**4. Pleading ☞236(3)—Refusal to permit trial amendment in case previously tried and pending for years held not abuse of discretion.**

Where case had been previously tried and had been pending for years, the trial court did not abuse discretion vested in him by refusing to permit a trial amendment.

**5. Appeal and error ☞1001(2)—Findings sustained by evidence cannot be set aside because appellate judges think contrary findings should have been made.**

Court of Civil Appeals is not authorized to set aside findings of jury merely because judges think contrary findings should have been made, where evidence raises issues of fact and is reasonably sufficient to sustain findings.

**6. Appeal and error ☞223—Judgment may be reformed on appeal, though error was not assigned in trial court, where error is apparent on face of pleadings and judgment.**

Judgment not substantially complying with waiver made by one of parties by trial amendment, will be reformed on appeal, though error was not assigned in trial court, since error is apparent on face of pleadings and judgment.

Appeal from District Court, El Paso County; B. Coldwell, Judge.

---

Suit by L. M. Crawford, trustee, and others, against the El Paso Land Improvement Company. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

Goggin, Hunter & Brown, of El Paso, for appellant.

Jones, Hardie & Grambling and Lea, McGrady, Thomason & Edwards, all of El Paso, for appellees.

HIGGINS, J. This is the second appeal in this case. See 201 S. W. 233. The opinion upon the former appeal states the facts out of which the litigation arose, and it is here referred to for such statement. That opinion also contains a plat explanatory of the situation upon the ground.

On February 26, 1906, the Bailey Hotel Company conveyed to the appellee Crawford, trustee, the westerly portion of property owned by it in block 2 of the city of El Paso, according to the Mills map. On the property so conveyed Crawford erected the Crawford Theater. Subsequent to the erection of the theater, and on January 12, 1907, Crawford and the other owners of the stock of the hotel company entered into a written contract with U. S. Stewart, acting for himself and associates, to sell to Stewart and his associates, and convey to them or their assigns, the Angelus Hotel. The Angelus Hotel was situate upon that portion of block 2, which was then owned by the Hotel Company, after the previous conveyance to Crawford, and certain rooms and balconies of the hotel upon its second, third, and fourth floors overhung the east line of the property theretofore conveyed to Crawford and the stage and dressing rooms upon the ground floor of the Crawford Theater.

The El Paso Land Improvement Company, appellant, succeeded to the rights of Stewart and associates under the contract of January 12th. On January 29, 1907, the hotel company conveyed to appellant that portion of block 2 then owned by it, described the same by metes and bounds. The west line of the property so conveyed was coincident with the east line of the property theretofore conveyed to Crawford. This left the above-mentioned rooms and balconies of the Angelus Hotel overhanging Crawford's land and the stage and dressing rooms of the Crawford Theater. That portion of his land which they overhung is the land in controversy herein.

It is the contention of the appellant that under the contract of sale the sellers were bound to convey the land upon which the Angelus Hotel building was situate, and since the conveyance of January 29, 1907, did not convey the land beneath said rooms and balconies, it is now entitled to specific performance as to said land.

The last trial was upon amended pleadings presenting issues not present upon the former appeal. The court in its charge described the land in controversy by metes and bounds and then submitted the case upon special issues. The issues submitted and findings are as follows:

"Question No. 1. Do you find from a preponderance of the evidence that on January 12, 1907, a part of the Angelus Hotel building was situated on, or above, the land in controversy in this suit? Answer: Yes.

"If you answer the above question in the affirmative, then state:

"Question No. 2. What portion of the land in controversy was the Angelus Hotel, or part thereof, on or above on January 12, 1907? Answer: All the land in controversy.

"Question No. 3. At the time of the execution of the contract of January 12, 1907, was it the intention of L. M. Crawford to sell, of the land and buildings of said block, only that portion of block 2, Mills' Map of the City of El Paso, Tex., lying east of the east lines described in the deed from Bailey Hotel Company to L. M. Crawford, trustee, of date February 26, 1906? Answer: Yes.

"Question No. 4. At the time of the execution of the contract of January 12, 1907, was it the intention of U. S. Stewart and his associates to buy, of the land and buildings of said block, only that part of the property of block 2, Mills' Map of the City of El Paso, Tex., lying east of the east lines described in the deed from Bailey Hotel Company to L. M. Crawford, trustee, of date February 26, 1906? Answer: Yes.

"Question No. 5. When the defendant, El Paso Land Improvement Company, received the land from the Bailey Hotel Company, did the El Paso Land Improvement Company believe that it described all the land covered by the Angelus Hotel? Answer: No.

"Special issue 13M. Do you find from a preponderance of the evidence that the El Paso Land Improvement Company requested the warranty deed from the Bailey Hotel Company, dated Jan. 29, 1907, and that said warranty deed dated January 29, 1907, and the written agreement between El Paso Land Improvement Company and L. M. Crawford, trustee, and that at the time of the execution and delivery of said instruments it was agreed and understood between the parties to the contract of sale dated January 12, 1907, and the El Paso Land Improvement Company that the said instruments should be delivered and accepted as a full compliance with the provisions in the contract of sale dated January 12, 1907, with reference to the conveyance of real property to U. S. Stewart, and his associates, or the corporation to be formed by them? Answer: Yes."

Upon these findings judgment was rendered adverse to the appellant.

While it presents numerous assignments and propositions and has filed a very voluminous brief, it seems to us the appeal presents no question which calls for any extended discussion. Our conclusions, therefore, will be be briefly stated. For the most part, the assignments relate merely to questions of procedure upon the trial, rulings upon evidence, the refusal to submit issues, none of which,

in our opinion, present any question of law of any importance.

[1, 2] 1. The complaint made as to the form of special issue No. 13M is overruled, for the reason that no objection thereto was made in the court below as the statute requires. It is asserted that the same presents an issue not raised by the pleadings. In this we do not concur, but if true it presents no reversible error for the reason that the other findings support the judgment. In a case submitted upon special issues, a finding upon an issue not raised by the pleadings will be treated as an immaterial one, and the judgment will be upheld if sustained by the findings upon other issues properly submitted. See concurring opinion in Feinberg v. Frank (Tex. Civ. App.) 268 S. W. 494, and cases there cited.

[3] 2. The refusal of the issues requested by appellant presents no error. As prepared they did not submit the ultimate issues of fact in the case. In so far as they should have been submitted, they were sufficiently embodied in the issues submitted by the court.

3. The complaint made of counsel's argument to the jury presents no error.

[4] 4. After the parties rested, but before the court had prepared its charge, appellant asked leave to file a trial amendment to its pleadings, which was refused. Permission to file a trial amendment rests within the sound discretion of the trial court. The case had been previously tried and had been pending for years. The court at that late date did not abuse the discretion vested in him by refusing to permit the amendment.

5. There are a great many assignments which complain of rulings upon evidence, all of which have been considered and, in our opinion, present no error; at least none of a reversible nature.

[5] 6. The sufficiency of the evidence is questioned to support the findings upon issues 3, 4, 5, and 13M. Finding 3 is abundantly supported. As to the findings upon the remaining issues, it seems to us that under the evidence contrary findings should have been made, but the jury was the trier of the facts in this case. We are not authorized to set aside findings simply because it seems to us contrary findings should have been made by the jury. The limited power of this court to set aside findings is well settled. We have examined the evidence and think it raises the issues of fact submitted by the court and is reasonably sufficient to sustain the jury's findings. In the state of the evidence we do not feel warranted in setting aside the findings made.

[6] 7. During the progress of the trial, Crawford filed a trial amendment in which he expressly waived the right to remove the overhanging balconies so long as they were used in the manner they are now used. That portion of the judgment with respect to the waiver is not in substantial compliance with the terms thereof and is here for the first time assigned as error. The judgment in the particular noted will be reformed so as to conform to the waiver as made. The fact that this error was not assigned in the court below does not preclude this court from noticing and correcting the same. This is true because the error is apparent upon the face of the pleadings and judgment.

Reformed and affirmed.