HOAK v. FERGUSON.

No. 15401.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 23, 1952.

Rehearing Denied Feb. 20, 1953.

to establish a right of way easement across land owned by G. W. Hoak, appellant herein. Trial was to the court without a jury and judgment rendered establishing an easement by implication in appellee's favor.

The appellant contends the evidence does not support a finding of easement by implication.

Appellee's 320 acre tract is situated in the southeast corner of the S. Tynes Survey; immediately north of appellee's land is a narrow strip of land in the same survey belonging to the Wilton estate. Adjoining the Wilton property on the north is appellant's 113 acre tract, and adjoining Hoak on the north is what is designated in the record as the Stewart land, both the Hoak and Stewart land also being in the Tynes Survey.

The evidence shows that appellee's father purchased the 320 acre tract in 1891 from Wells Thompson, at which time Thompson owned all the adjoining land on the west, north and east of said 320 acre tract, and the property adjoining said tract on the south was owned by third persons or was unpatented. It was stipulated that the 320 acre tract as of that time was "landlocked."

At the time appellee's father purchased the land there was a roadway crossing said 320 acre tract from a point near the southwest corner to a point near the northeast corner, crossing the Wilton tract, thence across the Hoak land and into the Stewart land at the northeast corner of the Hoak land, thence on north. The road led to the town of Markley, which was the principal trading and community center in the vicinity of the land involved in the suit. At that time, the land was not fenced. However, after fences were built, gates were installed at the various points of ingress and egress heretofore mentioned and the road continued to exist.

Marshall, King & Jennings, of Graham, for appellant.

Edward B. Stewart and John T. Gilmer, of Graham, for appellee.

RENFRO, Justice.

Suit was brought in the district court of Young County by C. A. Ferguson, appellee,

The trial court found that on January 1, 1891, the above described road was either the only route or the most direct route from the 320 acre tract to the town of Markley and its use was reasonably necessary to the enjoyment of the 320 acre tract; at that time it was fairly well traveled, fol-

lowed a well defined route and was easily apparent and appeared to be a permanent road. At the time appellant bought his land in 1911, said road was fairly well traveled and easily apparent. The court further found that on January 1, 1891, the road involved continued in a southwesterly direction across other surveys, including the King Survey, now owned by a Mrs. Edwards. A fenced lane now admits entry to the Huber Survey along the south boundary line of the Edwards tract. The court found that the lane is a physically adequate means of ingress and egress for the appellee, but declined to find that appellee has an irrevocable right to use said land. The court further found that on January 1, 1891, it was an absolute necessity that appellee's father have an easement across the land now owned by appellant Hoak in order to have means of ingress and egress to and from said 320 acre tract of land because said tract was landlocked, and that to the present time said road has been reasonably necessary to the convenient enjoyment of the 320 acre tract.

He concluded as a matter of law an easement by implication passed to Charles A. Ferguson, Thompson's vendee, and such easement is now owned by appellee.

The situation which obtained when appellee's predecessor bought the land from Thompson must determine the claim of an implied grant. In other words, the situation of the parties at the time the 320 acre tract was conveyed constituted the operative facts to support the claim of a grant by implication. Zapata County v. Llanos, Tex.Civ.App., 239 S.W.2d 699.

Where during the unity of title an apparently permanent and obvious servitude is imposed upon one part of an estate in favor of another and at the time of the severance it is in use and reasonably necessary for the fair enjoyment of the other, a grant of the right to continue such use arises by implication of law. Zapata County v. Llanos, supra; Bains v. Parker, 143 Tex. 57, 182 S.W.2d 397.

It is not essential that the apparent incidents be in actual use by the vendor at the time of the sale in connection with the portion conveyed. Knowledge on his part of their existence is sufficient and this may be shown otherwise than by actual use. When the incidents are open and visible, knowledge of their existence is inferred. Thompson on Real Property, Perm.Ed., Vol. 1, sec. 390.

Where an owner sells part of a tract of land and there is an apparent continuing and necessary servient use of the tract retained in favor of the tract sold, an easement passes by implication in the conveyance. This is true even though the easement be not specifically mentioned in the conveyance. Pokorny v. Yudin, Tex. Civ.App., 188 S.W.2d 185, citing Howell v. Estes, 71 Tex. 690, 12 S.W. 62; Weitzman v. Lee, Tex.Civ.App., 262 S.W. 859, loc. cit. 864, writ refused; El Paso Land Improvement Co. v. Crawford, Tex.Com. App., 292 S.W. 518; Scarborough v. Anderson Bros. Const. Co., Tex.Civ.App., 90 S.W.2d 305, writ dismissed; Van Horne v. Trousdale, Tex.Civ.App., 10 S.W.2d 147; 28 C.J.S., Easements, § 30 et seq., p. 686; Wiesel v. Smira, 49 R.I. 246, 142 A. 148, 58 A.L.R. 818.

In view of the undisputed testimony that the Ferguson tract was landlocked at the time Ferguson's father purchased it in 1891 and the finding of the court, supported by competent evidence, that a well traveled and defined roadway was existing at that time, we think that clearly it was the intention of the parties that an easement passed to appellee's predecessor by implication. We are further fortified in that conclusion by the fact that the original purchaser of the 320 acre tract and his successors in title continuously used said roadway across appellant's land without objection or question from appellant or anyone else from 1891 until immediately prior to the filing of the instant suit. As found by the court, the roadway was apparent, permanent and absolutely essential to the enjoyment of the premises granted. The appellee only had to prove that it was reasonably necessary to the enjoyment of the premises granted. Howell v. Estes, 71 Tex. 690, 12 S.W. 62; Miles v. Bodenheim, Tex.Civ.App., 193 S.W. 693.

■ Appellant takes the position that appellee no longer has need of the roadway across appellant's land because he can gain entrance to his property by a southerly route.

In 1891, the road across the Ferguson tract extended southward and joined the Old Farmer Jacksboro road. As we interpret the testimony, the only way appellee can now reach the 320 acre tract from the south is by passing through the Huber Survey, which appellee now owns, thence across land belonging to Mrs. Edwards. Formerly, appellee and others used a roadway across Mrs. Edwards' property (King Survey) but at some time in the past she fenced her property. Neither appellee nor anyone else objected. Subsequently, Mrs. Edwards voluntarily fenced off a lane along the southern part of her property, which appellee could use to cross the Huber Survey and on to the tract in question.

We think that the record before us reflects that appellee has no more than a permissive use to the lane provided by Mrs. Edwards. A mere license to use a way across the land of a third party does not negative the existence of a way of necessity over land conveyed. Bains v. Parker, 143 Tex. 57, 182 S.W.2d 397.

A person may not be deprived of his right of way by the offer of another. 15 Tex.Jur., p. 786. We think it true that appellee cannot be deprived of his right of way over appellant's land by offer of a permissive way by a stranger to his title.

■ The testimony abundantly supports the finding that appellant knew the roadway existed and the use made of it at the time he purchased the 113 acre tract. In other words, it was an easement open and visible to appellant and he was therefore charged with notice of appellee's right of way. Miles v. Bodenheim, Tex.Civ.App., 193 S.W. 693, writ refused.

■ Appellant argues that the purpose of a right of way easement of necessity is to afford the grantee access to a public way and contends that appellee offered no evidence to show the location of the necessary public way. As said in Bains v. Parker,

supra [143 Tex. 57, 182 S.W.2d 399], "we see no reason why the mere fact that the claimed right of way does not open into a public road should defeat the right. The way is no less necessary. To hold otherwise is to put the burden on petitioner to sue a party who is not contesting his right."

■ We have given careful consideration to the statement of facts and the findings of the trial court and have reached the conclusion that the court did not err in holding that appellee had an easement by implication across appellant's land and that the continuation of such easement is reasonably necessary to the convenient enjoyment of the appellee's 320 acre tract of land.

■ In points three and four, appellant contends the court erred in granting the easement because the evidence shows that appellee has used said right of way as a means of ingress and egress to 580 acres of land in addition to his 320 acre tract, and the court erred in awarding appellee free and unimpeded use of said easement.

The court's judgment recites there is an existing permanent easement of a fair and unimpeded use of a way following the route of a road now existing from said 320 acre tract over and across said 113 acre tract, and accordingly adjudged and decreed that said easement "be and the same is hereby established as a permanent easement in favor of the above described 320 acre tract of land owned by plaintiff and that plaintiff as the owner of said tract is entitled to the fair and unimpeded use of said easement." We think the judgment is not subject to the attack made upon it. As we construe the judgment, the easement is confined to the use of the 320 acre tract. If the appellee does abuse the easement established by the court, appellant's remedy is not forfeiture of the easement but an injunction against the improper or unauthorized use thereof. Seastrunk v. Walker, Tex.Civ.App., 156 S.W.2d 996.

Finding no reversible error in the record, we affirm the judgment of the trial court.