Mrs. Dorothy JAMES, Appellant,

v.

George W. GRAY et ux., Appellees.

No. 14969.

Court of Civil Appeals of Texas.

Dallas.

May 20, 1955.

Rehearing Denied June 17, 1955.

Richard F. Loomis, Jr., and Elihu E. Berwald, Dallas, for appellant.

Chancellor, Wood & Morris, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from a mandatory injunction requiring appellant, who was defendant in the trial court, to remove a fence obstructing a common driveway. Appellant and appellees are next door neighbors. They own and occupy adjoining properties, appellant's property being described as Lot 2, and appellees' a corner lot described as

Lot 1 of Ross Avenue Addition to the City of Dallas, Texas.

It was stipulated that the common source of title to both lots is Mattie H. Curtis, who acquired the lots in the year 1900. Mrs. Curtis on June 5, 1945 by deed conveyed Lot 1 to Frank Robinson, whose heirs on January 24, 1947 conveyed Lot 1 to appellees George W. Gray and wife Jewell Gray. Mrs. Curtis on August 11, 1945 conveyed Lot 2 to Y. A. James and wife Dorothy E. James. It is undisputed that both of the deeds from Mrs. Curtis contained the provision, "all and singular the rights and appurtenances thereto in anywise belonging."

It is also undisputed that at a time not less than approximately thirty years before the trial, Mrs. Curtis built a house on each lot, with a joint garage in the rear reached by a joint driveway. Until appellant built her fence the occupants of the adjoining properties used the joint driveway and garage.

In 1953 appellant, by then a widow, built the fence on her own property, which fence obstructed part of the driveway. The trial court filed findings of fact that appellant had actual and constructive notice of the driveway and its use by appellees at the time she and her husband, now deceased, acquired Lot 2: and further, that the use of said common driveway is necessary for the use and enjoyment of appellees' property.

The concrete entranceway from the street to the driveway is narrower than the driveway itself. The latter is wider from the front sidewalk back to the double garage. This narrow concrete entranceway faces the right side, appellant's side of the driveway, and is directly in line with appellant's part of the garage. To get to their half of the garage appellees must veer to the left after passing over the concrete entranceway. The fence runs along a line to the left of the concrete entranceway and extends almost to the front sidewalk. Consequently it is very difficult, if not impossible, for appellees to veer to the left to get onto their side of the driveway, for the fence is in their way. Moreover the fence, which extends back to the garage, is so constructed as to obstruct the opening of one of the doors to appellees' part of the garage.

Appellee George W. Gray, an automobile mechanic, testified that the space between his house and the fence is 90 inches wide. His car, an old model, is 72 inches wide, which is less, he said, than the width of some makes of cars. The sharp turn to the left to get around the fence after crossing the concrete entrance would require him to face the 90-inch space at an angle, thus complicating his attempt to drive his car to his garage, and especially to back his car out of his premises. As to whether it is possible to move his car through the 90-inch space left to him between his house and the fence, he testified that "It would go through. I don't know how skinned up it would be, depending on the driver." Appellee Mrs. Jewell Gray testified that she could not possibly back the car out through the space left between appellees' house and the fence.

Appellee George W. Gray testified also that he could at some expense build a new garage and a new driveway providing access to his garage from an alley running along the rear of his property, or by means of a new driveway from the side street running along the side of the house.

Appellant presents three points on appeal: (1) There was not 10 years continuous uninterrupted adverse use of the driveway by appellees or their predecessors in title, hence appellees could not properly claim a prescriptive right; (2) there was not an express easement granted; and (3) the uncontroverted evidence showed that appellees' portion of the driveway was sufficiently wide to provide ingress and egress, and besides there existed other means of ingress and egress, hence there was no implied easement, or "way of necessity."

■ We overrule appellant's first two points. Under the circumstances shown by the record it was not necessary for ap-

pellees to prove a ten years' continuous, uninterrupted and adverse use of the driveway. Because of the original unity of title under Mrs. Curtis another legal principle is applicable here. In a case in which the facts were in material matters quite similar to the facts now before us our Supreme Court, speaking through Justice Gaines, said: "'Strictly speaking, a man cannot subject one part of his property to another by an easement, for no man can have an easement on his own property; but he obtains the same right by the exercise of another right,—the general right of property; but he has not thereby permanently altered the quality of two parts of his heritage; and if, after the annexation of peculiar qualities, he alienates one part of his heritage, it seems but reasonable, if the alterations thus made are palpable and manifest, that a purchaser should take the lands burdened or benefited, as the case may be, by the qualities which the previous owner had undoubtedly the right to attach to it.'" Howell v. Estes, 71 Tex. 690, 12 S.W. 62.

The same rule has been stated somewhat differently in Miles v. Bodenheim, Tex.Civ. App., 193 S.W. 693, at page 696: "The facts recited make applicable, we think, a rule which has been stated as follows: 'The general rule is that where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use and is reasonably necessary for the fair enjoyment of the other, then upon a severance of such ownership there arises by implication of law a grant of the right to continue such use.'" See also El Paso Land Imp. Co. v. Crawford, Tex.Com.App., 292 S.W. 518, 519; Hoak v. Ferguson, Tex.Civ.App., 255 S.W. 2d 258; Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683; Neilon v. Texas Trust & Security Co., Tex.Civ.App., 147 S.W.2d 321; Scarborough v. Anderson Bros. Const. Co., Tex.Civ.App., 90 S.W.2d 305; Leathers v. Craig, Tex.Civ.App., 228 S.W. 995.

It is true, as appellant asserts in his second point, that the deeds from Mrs. Curtis do not contain an express reservation of an easement to her grantees for the use of the common driveway. But this provision in the deeds was sufficient: "all and singular the rights and appurtenances thereto in anywise belonging."

The case of El Paso Land Imp. Co. v. Crawford, Tex.Com.App., 292 S.W. 518, is in point. The facts there, as here, involved an original unity of ownership in real property. During the unity of ownership the owner built improvements on one lot, but certain portions of the said improvements above ground, the roof, eaves, etc., extended over the boundary line. The owner subsequently sold the lots to different purchasers, thus severing the unity of ownership. A controversy arose between the two purchasers in regard to the portion of the improvements which extended over the boundary line. In holding that the purchaser of the improvements acquired an easement in so far as his improvements extended over the boundary line, the court said, 292 S.W. at page 520: "The deed to the improvement company conveyed the ground described therein and 'all and singular the rights and appurtenances thereto in anywise belonging.' As a matter of course, the conveyance transferred whatever dominance the tract of land and its fixtures had, by way of easement, over the other land and its user." See also Miles v. Bodenheim, supra.

We also overrule appellant's third point on appeal. Appellant takes the position that under the facts of the case appellees have failed to show an absolute necessity that the common driveway be kept open in order for them to use their property.

It is true that the space between appellees' house and the fence is 90 inches while their car is only 72 inches wide. But this is a narrow margin of space, indeed, for appellees' old model, narrow car, to say nothing of wider cars. And this narrow space would itself be difficult if not impossible of ingress and egress from the narrow concrete entranceway. It is true, too, that appellees could still use their property by expending the labor and going to the expense of constructing a new drive-

way and garage with ingress and egress by way of the alley or side street.

■ But the law in situations such as we have here does not require absolute necessity. It requires only that the driveway shall be necessary for the use and enjoyment by appellees of their property. In Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, at page 687, it is said: "The degree of necessity requisite to establishment of such an easement is 'such merely as renders the easement necessary for the convenient and comfortable enjoyment of the property as it existed when the severance was made.'" See also Howell v. Estes, supra.

The judgment of the trial court is affirmed.

### On Rehearing.

Appellant in her motion for rehearing insists that we erred in holding that the driveway in question was necessary for the use and enjoyment by appellees of their property since the evidence shows that appellees could obtain ingress and egress by constructing a new driveway from the side street or from the alley in the rear. The garage could be altered to fit the new driveway. Of course such construction and alteration would require the expenditure of money and labor.

■ Our Supreme Court has held adversely to appellant's contention. We quote from the case of Howell v. Estes, 71 Tex. 690, 12 S.W. 62, 63: "In Ewart v. Cochrane, supra, the court say(s) the easement must be 'necessary for the convenient and comfortable enjoyment of the property as it existed before the time of the grant.' If, *without alteration involving labor and expense,* the convenience is necessary to the use of the property as it exists at the time of the conveyance, the easement passes. This seems to us the more reasonable doctrine. The reason of the rule, in case of an easement implied on account of strict necessity, is that the grantor shall not be permitted to derogate from his grant by denying to the grantee the means by which it is to be enjoyed. For the same reason he should not be permitted to deny the use of open and usable improvements, which, *without alterations involving labor and expense,* are necessary to the use of the property granted. * * *" (Emphasis supplied.)

Appellant also points out that the evidence shows that appellees have at times contemplated making the alterations in question. But certainly such tentative planning does not constitute an abandonment by appellees of their right to use the existing driveway, nor does it confer on appellant the right to compel appellees to accept, let alone create, other means of ingress and egress. Hoak v. Ferguson, Tex.Civ.App., 255 S.W.2d 258 (Ref. n. r. e.).

Appellant's motion for rehearing is overruled.