**SCOTT et ux. v. WALDEN.**

**No. 5329.**

Court of Civil Appeals of Texas. Amarillo.

Sept. 22, 1941.

Rehearing Denied Oct. 6, 1941.

Works & Brian, of Amarillo, for appellants.

H. H. Cooper, of Amarillo, for appellee.

FOLLEY, Justice.

This suit was filed by the appellants, J. D. Scott and wife, Prince E. Scott, against the appellee, Nettie B. Walden, seeking to cancel a right of way easement over a concrete driveway between the respective properties of the parties. At the conclusion of the testimony the court directed a verdict in favor of the appellee and rendered judgment that the appellants take nothing by their suit.

The evidence discloses that prior to April 27, 1936, the appellants owned the north 100 feet of Lot 1 in Block 200 of the Plemons Addition to the City of Amarillo. The appellants resided in their home situated on the north 50 feet of the property which they still own and where they still reside. This property faces east on Pierce Street which extends north and south. It is also adjacent on the north to Fourteenth Avenue which extends east and west. The 50 feet immediately south and adjacent to the north 50 feet is known as the "Center" 50 feet of such Lot 1. Upon this center 50 feet the appellants built an apartment house. In order to finance the construction of this apartment house, the appellants became indebted to a lumber company for $11,000 for which a deed of trust lien was given upon the apartment house and the center 50 feet upon which it stands. This indebtedness with the lien was transferred to the appellee. Before constructing the apartment house the appellants had built a concrete driveway on the south side of the north 50 feet extending from Pierce Street westward to their garage at the rear of the north 50 feet. Behind the apartment house they also constructed four connected frame garages upon the center 50 feet. These garages face eastward toward Pierce Street and are about 26 feet from the alley at the rear of the lot. There is no driveway upon the center 50 feet and from the plat of the property introduced in evidence it appears that there is no room for one on either side of the apartment house. Since the construction of the apartment house the tenants therein have used the appellants' driveway on the north 50 feet in reaching the four apartment house garages. In order to

aid such tenants in reaching the four garages after leaving the rear of the concrete driveway the appellants had a gravel driveway constructed leading from their driveway to the respective entrances of the apartment garages.

On April 27, 1936, in consideration of the cancellation of the $11,000 indebtedness held by the appellee, the appellants by deed conveyed to the appellee the center 50 feet upon which the apartment house stands. Such conveyance includes the easement which is the subject of this controversy. Such grant is as follows: "And we do hereby sell and convey, and do by these presents grant, sell and convey unto said Nettie B. Walden, grantee herein, and her assigns, an easement in, to, upon and over all that portion of the concrete and cement driveway situated on the North 50 feet of said Lot No. One (1) adjacent to the land and premises herein conveyed constituting the way from Pierce Street into the garages and outhouses situated on the rear of the land herein conveyed, said easement being for the sole and only purpose of ingress and egress to and from said garages and outbuildings; it being distinctly agreed and understood, however, that the easement thus granted is not an exclusive easement but is subject to the equal right on the part of the grantors herein, their heirs, executors, administrators and assigns, of ingress and egress over and upon the same portion of said driveway to and from the garage and outbuildings situated on the rear of the North 50 ft. of said Lot No. One (1), which right is hereby expressly reserved; the purpose and intention of the easement hereby granted being that henceforth the parties hereto, their respective heirs, executors, administrators and assigns shall have equal rights of ingress and egress over and upon all that portion of said driveway necessary and common to the way from Pierce Street into the garages and outbuildings situated upon said respective parcels of land and that neither shall have the right of ingress and egress to the exclusion of the other; and it is agreed that the easement thus granted shall continue so long as the same may be necessary and required for ingress and egress to and from the garages and outbuildings situated on the rear portion of the 50 feet herein conveyed, after which it will cease and come to an end. So long as the easement thus granted continues, moreover, the parties hereto bind and obligate themselves, their respective heirs, executors, administrators, and assigns, to share equally in the expense of making necessary repairs to the common portion of said driveway."

At the time of the above conveyance Pierce Street was paved in front of the property. The south side of Fourteenth Avenue was not paved. The alley at the rear of the property was not paved. The appellants by special agreement were allowed to keep some chicken houses at the rear of the appellee's property behind the four garages and adjacent to the alley. Since the date of the above conveyance the south side of Fourteenth Avenue adjacent to the north 50 feet has been paved, the alley at the rear of the property has been paved and the chicken houses have been removed from appellee's premises. It is upon these changed conditions that appellants base their cause of action under that portion of the above easement agreement to the effect that such easement "shall continue so long as the same may be necessary and required for ingress and egress to and from the garages and outbuildings situated on the rear portion of the 50 feet herein conveyed, after which it will cease and come to an end". The appellants contend that the above changed conditions dispense with the necessity for the easement.

As above noted, the garages of the appellee face east with no entrance from the rear. They are also situated some 26 feet from the alley and there is no paving or driveway from the alley to the rear of the garages. By their pleadings the appellants admit that in order to dispense with the easement, thus compelling the appellee's tenants to approach the garages from the alley at the rear, it would be necessary for the appellee to move the west wall of the garages to the east side, transfer the doors on the east to the west and build a gravel driveway and approach to such garages from the northwest corner of appellee's property at the alley, a distance of 26 feet. The testimony is uncontroverted that these or similar changes in the present situation would be necessary if the easement is terminated. Under such circumstances we think the appellants failed to show that the easement is no longer "necessary or required"; but on the contrary we are of the opinion the record conclusively establishes as a matter of law that the necessity for the easement continues to exist within the meaning of the deed of convey-

ance and the law governing such grants. It therefore follows there was no error in the court's action in directing a verdict for the appellee and rendering judgment against the appellants. Howell v. Estes, 71 Tex. 690, 12 S.W. 62, and authorities therein cited.

The judgment is affirmed.