**A. J. BOWMAN et ux., Appellants,**

v.

**Millard HENSLEE, Appellee.**

No. 16465.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 15, 1963.

Rehearing Denied Dec. 13, 1963.

Sam Cleveland, Stephenville, for appellants.

C. O. McMillan, Stephenville, for appellee.

RENFRO, Justice.

Plaintiffs A. J. Bowman and wife sued defendant Henslee to establish their right, under the law of implied easement and implied grant, to continue use of a certain roadway.

Summary judgment was rendered for defendant.

At one time the land now owned separately by plaintiffs and defendant was owned jointly by F. A. Jones and Martin White. Jones and White established the road in question. It ran from a farm to market road to the Brazos River.

When White died, Jones and the White heirs, by deeds dated December 5, 1959, partitioned the land jointly owned by them. Plaintiffs are now the owners of the White land and defendant is owner of the Jones land.

When partitioned, a short stretch of the road, in order to avoid a deep ravine, remained on the defendant's land as originally constructed. At the river end of the land the road again entered defendant's land to approach the river from a bluff on plaintiffs' side of the property line.

Plaintiffs' pleading and answer to the motion for summary judgment alleged that on Dec. 5, 1959, and prior thereto, the road in question was then in existence and in use, it was the only road across said land and the only road by which the Brazos River could be reached, it was of a permanent character, open, visible, and plain to be seen on the ground, the continuing use of said road was of a reasonable and obvious

 

necessity for the convenient use and enjoyment of the land conveyed to the White heirs, and was the only road in existence across the land.

We believe the motion for summary judgment should have been denied and the plaintiffs should have been given a trial on the merits in order to attempt to prove the allegations made.

In Mitchell v. Castellaw, 151 Tex. 56, 246 S.W.2d 163, the Supreme Court held: "It is universally recognized that where the owner of a single area of land conveys away part of it, the circumstances attending the conveyance may themselves, without aid of language in the deed, and indeed sometimes in spite of such language, cause an easement to arise as between the two parcels thus created—not only in favor of the parcel granted ("implied grant") but also in favor of the one remaining in the ownership of the grantor ("implied reservation"). The basis of the doctrine is that the law reads into the instrument that which the circumstances show both grantor and grantee must have intended, had they given the obvious facts of the transaction proper consideration. And in the case of an implied reservation it is not necessarily a bar to its creation that the grantor's deed, into which the law reads it, actually warrants the servient tract thereby conveyed to be free of incumbrance."

It is conceded that the road in question was located, established and used by Jones and White before the land was partitioned.

In the early case of Howell v. Estes, 71 Tex. 690, 12 S.W. 62, the Supreme Court held: "We think the weight of authority sustains the proposition that if an improvement constructed over, under, or upon one parcel of land for the convenient use and enjoyment of another contiguous parcel by the owner of both be open and usable and permanent in its character, and of such a nature as does not require the act of man to perfect or indicate its use, and the owner alienates the latter, the use of such improvement will pass as an easement, although it may not be absolutely necessary to the enjoyment of the estate conveyed. * * * he should not be permitted to deny the use of open and usable improvements, which, without alterations involving labor and expense, are necessary to the use of the property granted. The estate retained by him being used by him at the time of the grant for the benefit of the other, by means of an obvious artificial conveyance, and such use being necessary to the enjoyment of the latter in its existing condition, it is to be presumed that he intended to convey the estate accompanied by the easement."

The question whether the plaintiffs will be able to establish an implied easement to the road by a preponderance of evidence of probative force is of course not before us.

We merely hold that the pleadings and affidavits present material issues of material fact bearing on the question of plaintiffs' right to use of the road and they should be given a trial on the merits.

The judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.