### Elijah and James McWhorter v. Holcomb.

(Decided October 16, 1923.)

### Appeal from Jackson Circuit Court.

1. Frauds, Statute of—No Grant of Passway by Parol.—In an action to establish a passway over lands, exceptions to testimony as to a parol grant were properly sustained.

2. Easements—Implied Grants of Apparent or Visible Easements Upon Land Retained.—Where one conveys a part of his estate he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which were reasonably necessary for the use of that part.

3. Easements—Not Dependent Upon Continuous Use of Passway, but May Arise from Necessity—"Way of Necessity."—An easement by implication is not dependent upon the continuous use of a passway, but may arise where the grantor conveys a tract of land entirely surrounded by other lands of his own or others in which a way of ingress and egress will be implied by necessity, regardless of whether or not any open roadway existed at the time.

4. Easements—Continuous Use of Passway Held to Ripen into Title.—Where a passway was being used under a claim of right continuously and uninterruptedly for more than 15 years, a right was acquired by prescription to the use of the passway, though the passway was crossed in several places by fences, and was at times cultivated.

A. W. BAKER for appellants.

BEGLEY & MOORE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

A. B. Holcomb owned a farm of 188 acres, extending back from the county road and up a mountain side to its crest. At the back side was a tenant house with a passway leading down a hollow by his residence to the county road. This does not seem to have been much used, but was the only way of reaching that part of the farm. Elijah McWhorter owned the adjoining land on the other side of the mountain. His land connected with another county road on that side.

In December, 1889, he purchased 80 acres of the adjoining Holcomb land, and later sold a part of it to his nephew, James McWhorter.

In May, 1913, Holcomb sold the remainder of his boundary to his daughter, Bitha Holcomb, and died shortly thereafter. Subsequent to the purchase of this land the McWhorters continued to use the passway. A few years ago this right was denied by Bitha Holcomb, who claimed that this use was permissive only, and undertook to close it. It was also shown that after his purchase McWhorter opened a road from the land in question over his own lands to the other county road; that it was steep and rugged and could not be maintained except

at considerable cost. This suit was brought to establish the right to a passway over the Holcomb land. From a judgment for defendant this appeal results.

As is usual in passway cases the evidence is conflicting as to the character of use. McWhorter testified as to a parol grant by Holcomb. Exceptions were properly sustained to this evidence, but it was further shown that subsequent to their purchase it was used by them whenever necessary or convenient; that Holcomb told one witness that he wanted the gate moved up the branch; that he had to give the boys a passway or a road through there, this with reference to a gateway across the road in question, and to the parties in this lawsuit; that at another time when the timber was being moved on his own land, he directed the parties not to close up this passway, and it seems that McWhorter at one time sawed some lumber to be used in building a bridge over a branch on the passway.

On the other hand, it is shown that the passway was crossed by several fences, that in the last few years it had been obstructed in the summer time by cultivation, and the fences leading across it had been poled and brushed, and its use was entirely permissive.

It is claimed for appellant first, that the passway was appurtenant to the tract of land purchased by him in 1889, and passed to him under his deed; second, that aside from this it was necessary to the tract of land in question, and a conveyance of the land implied a grant to the passway, or in other words the grant was conveyed by implication; further, that it was used under a claim of right, which by more than fifteen years' use had ripened into title.

First, this court in the case of Stone v. Burkhead, 160 Ky. 47, cited with approval the following from Jones on Easements:

"The rule is general that where one conveys a part of his estate he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the user of that part."

To the same effect are the cases of Lebus v. Boston, 107 Ky. 98; Daniel v. Baxter, 112 Ky. 334; Mitchell v. Pratt, 177 Ky. 438.

Second: An easement by implication is not dependent upon the continuous use of a passway, but may arise

where the grantor conveys a tract of land entirely surrounded by other lands of his own in which a way of ingress and egress will be implied by necessity, regardless of whether or not any open roadway existed at the time. This is an old principle of the common law, which is thus stated in 19 C. J., page 923:

"When there is a conveyance of a tract of land, and there is no means of access thereto or egress therefrom, except over the remaining land of the grantor, a way of necessity over such land is ordinarily granted by implication of law.  .  .  .  The rule requiring that an easement be continuous as a requisite to a grant or reservation thereof by implication does not apply to a way of necessity."

This text is fully supported by the authorities, and in this state the doctrine has been extended to the sale of a tract of land entirely surrounded by other lands without means of ingress and egress, although not entirely surrounded by the lands of the vendor. Estep v. Hammonds, 104 Ky. 147; Damron v. Damron, 119 Ky. 806.

Under these authorities, if Holcomb had sold this land to any one but an adjoining landowner, a way of *necessity* would have existed over his remaining lands in favor of the vendee, but as McWhorter was able to provide a way of ingress and egress over his own land, this point seems to turn upon the question as to whether the latter road was so inadequate as to render the one in controversy necessary for the use of the purchased land. As to this the evidence is conflicting.

It is also conflicting as to whether prior to the purchase of the land there was such a continuous use of the passway as to render it visible or permanent, and it may well be doubted as to whether it could be considered an *appurtenance*.

The evidence clearly shows the peaceable and uninterrupted use of the passway by McWhorter for more than fifteen years subsequent to his purchase of the land in 1889, but it is argued that it was crossed by fences in several places which he had to let down to pass through; that Holcomb erected gates at his pleasure; that in later years the land was cultivated in the summer and the fences poled and brushed, and the road plowed up and from this it should be inferred that the use was permissive only.

It will thus be seen that there is a conflict in every question raised; but it occurs to us that even if the evidence should be considered not sufficiently clear to constitute the passway as *appurtenant* or as *arising by implication,* these circumstances would indicate that the roadway was being used under a claim of right, and give notice of such claim to the landowner, and are competent to be considered in that regard, and it appearing that such use was continuous and uninterrupted for more than fifteen years subsequent to the execution of the deed, it would ripen into title by prescription.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.