## STEELE v. AINSWORTH.
### No. 2929.

Court of Civil Appeals of Texas. Eastland.
May 30, 1952.

Rehearing Denied June 13, 1952.

defendant, Lloyd Ainsworth, to impress an easement for a way over and across 120.3 acres of land awarded to Ainsworth in a partition suit dividing a tract of 322.6 acres of land into three parcels, and for damages. Plaintiff alleged a prior partition of the land by decree of the District Court of Scurry County; that the tract awarded to plaintiff was not contiguous at any point with a public road; that the land awarded to defendant lay between lands awarded to defendant and a public road. She further alleged the existence of an easement, at the time of partition, from the public road to land awarded to her and that she has no other means of ingress and egress to and from her land to the public road. Defendant filed a general denial. A trial was had before the court with the aid of a jury and at the conclusion of the evidence, the court discharged the jury and entered a judgment establishing a way over defendant's land to the public road, different from the way claimed by plaintiff. From such judgment plaintiff has appealed.

The evidence discloses that the 322.6 acres of land was formerly owned by the father of plaintiff; that the father of plaintiff died many years ago; that defendant acquired the interest of some of the heirs in this tract of land. A decree of partition was entered in the District Court of Scurry County and plaintiff was awarded 174.74 acres; the defendant was awarded 120.6 acres and the other heirs, not parties to this suit, were awarded 26.2 acres of land. It is undisputed that plaintiff's land is not adjacent to a public road. The facts further disclose that there are not now and never have been any improvements upon the land awarded plaintiff, that is to say, there are not now and never have been any dwelling, barn or other improvements on this portion of the land. Before the death of the father of plaintiff, the 322 acres of land was operated as a unit. The dwelling house, barn and other such improvements were located upon that portion of the land awarded to defendant. There is evidence that there is a road leading from the barn across the pasture to a field gate located upon the land of defendant. The road

Keith L. Merrick, Snyder, for appellant.

H. J. Brice and Wayland G. Holt, Snyder, for appellee.

LONG, Justice.

The parties will carry the same designation as in the trial court. Plaintiff, Hannah Steele, brought this suit against

**658**

was referred to by the witnesses as a "field road." As we understand the record, it was a road used by the people who lived on the property in going from the improvements to the field. The road did not extend to the land now owned by plaintiff. There is a road extending from the improvements to the public road.

 Plaintiff contends that she has the right to use the roads in going to and from her property to the public road. She attempts to invoke the rule of an easement by implication. It is the settled law that "Where the owner of an entire tract of land * * * employs a part thereof so that one derives from the other a benefit or advantage of a continuous, permanent, and apparent nature, and sells the one in favor of which such quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted will pass to the grantee by implication." Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, 686. This rule also applies when property is partitioned by decree of a court. We do not believe plaintiff has an easement by implication under the facts in this case. The road way leading from the barn to the field was not used for the purpose of reaching the public road. It did not extend to or touch the land awarded to plaintiff. However, defendant conceded upon the trial that plaintiff has an easement across his land by way of necessity. At the conclusion of the evidence, defendant tendered a way to and from plaintiff's land which is 30 feet in width across the east end of defendant's land. Thereupon, the court rendered judgment establishing such way as tendered by defendant. It is the settled law that a way of necessity ceases upon the termination of such necessity. Sessman v. Collins, 53 Tex.Civ.App. 71, 115 S.W. 337; Williams v. Kuykendall, Tex. Civ.App., 151 S.W. 629; Alley v. Carleton, 29 Tex. 74; Parker v. Bains, Tex.Civ.App., 194 S.W.2d 569.

 A way of necessity is not a permanent right. "A right of way by necessity over another's land to a public highway ceases with the necessity which gave rise to it." 103 A.L.R. 993.

Mr. Toombs, County Commissioner of the precinct where the land is located, testified that he would build a road along the way tendered by defendant. There is evidence that the way tendered will be as convenient as the way claimed by plaintiff.

 Plaintiff complains because the trial court rendered judgment and did not submit the case to the jury. In a trial before a jury the rendition of a judgment without a verdict of the jury is not error if the judgment is the only one that could have properly been rendered on the facts. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377. After defendant had tendered a way over which plaintiff could travel from her property to the public road there was no issue of fact for the determination of the jury and hence the trial court was fully authorized to render judgment. We uphold the judgment of the trial court on the assumption that the way tendered will actually be furnished plaintiff and that the County will build a road along this way over which plaintiff can travel. Under the view we take of this case, all other points of error raised become immaterial.

The judgment is affirmed.