**POLLEY BROS. & VERSON, INC.,**
Appellant,

v.

**COOK MACHINERY CO., Inc., Appellee.**

No. 500.

Court of Civil Appeals of Texas, Tyler.

Oct. 22, 1970.

William P. Fonville, Dallas, for appellant.

Thompson, Knight, Simmons & Bullion, Jerry L. Buchmeyer, Dallas, for appellee.

DUNAGAN, Chief Justice.

The appellant, Polley Bros. & Verson, Inc., brought this suit against the appellee, Cook Machinery Co., Inc., on a written contract between them for the manufacture by appellant for appellee of dies to be used on appellee's press to produce a metal part for a restaurant type deep fat fryer being manufactured by appellee. The case was tried by the Court without the aid of a jury.

In June of 1966 the appellant accepted a purchase order from the appellee, Cook

Machinery Co., Inc., for 4 sets of dies that would produce commercially acceptable parts—the top of a "deep fat" filter fryer—on a "500-ton Dries & Krump press" at the Cook Machinery plant in Dallas.

It was appellee's contention in the trial court and in this court that the appellant never produced and never delivered any dies which would produce commercially acceptable fryer tops on the Cook Machinery Press. It was appellant's position that it was the fault of the press and not the dies that prevented its dies from producing a commercially acceptable fryer top on the Cook Machinery Press. Appellant demanded payment on the contract (written purchase order), which appellee refused to pay, and subsequently brought suit on the written purchase order for the agreed price of the dies ($17,225.00) plus costs and attorneys' fees.

The basic issue tried was whether it was the fault of the appellant's dies or the fault of the Cook Machinery Press that no commercially acceptable fryer tops could be produced. The evidence introduced on this issue by the parties was in direct conflict.

At the conclusion of the trial a take nothing judgment was rendered against the appellant. From this judgment the appellant has appealed. The court on request made findings of fact and conclusions of law and additional findings of fact and conclusions of law. Appellant by its sole point of error contends that "the court erred in finding that appellant had failed to meet its burden of proof by a preponderance of the evidence that the dies furnished by it would perform the task for which purchased and that appellant did not manufacture the dies called for by its contract with appellee and did not perform its obligations under the contract * * *" and accordingly, that such findings and conclusions are not supported by the evidence, and is so contrary to the overwhelming preponderance of the evidence as to be clearly wrong and unjust.

The trial court made these findings of fact pertinent to the basic issue, to-wit:

"There was nothing wrong with the 500-ton Dries & Krump press, and it was not the fault of either that press or of Cook Machinery that the plaintiff Polley Bros. did not produce and deliver the dies which had been ordered.

"The plaintiff Polley Bros. did not manufacture the dies called for by its contract with the defendant Cook Machinery, and did not perform its obligations under that contract.

"The Court further finds that the Plaintiff failed to prove by a preponderance of the evidence that the dies furnished by the Plaintiff would perform the task for which they were purchased. The facts of this case do create a gray area, but since the burden of proof is upon the Plaintiff to prove by the preponderance of the evidence and the Court is left in doubt, the doubt should be resolved in favor of the Defendant.

"The plaintiff Polley Bros., is not entitled to recover the purchase price of the dies ($17,225.00) because it did not manufacture and deliver the dies called for by its contract with defendant Cook Machinery."

In a nonjury case the trial court is judge of the credibility of the witnesses and the weight to be given their testimony and the findings of the court are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. Where there is evidence of probative force to support the findings and judgment, such findings are controlling on the reviewing Court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. Arnold v. Caprielian, 437 S.W.2d 620 (Tex.Civ.App., Tyler, 1969, writ ref. n. r. e.).

Upon a careful review and evaluation of all the evidence in this case, it becomes quite clear to us that the trial court had before it conflicting evidence of probative force and chose the evidence supporting appellee rather than of appellant. Upon an examination of the entire record, we find ample evidence of probative force to support the trial court's findings and conclusions and such findings and conclusions are binding upon this Court. Arnold v. Caprielian, supra; Robinson v. Faulkner, 422 S.W.2d 209 (Tex.Civ.App., Dallas, 1967, writ ref., n. r. e.); Fender v. Schaded, 420 S.W.2d 468 (Tex.Civ.App., 1967, writ ref., n. r. e.).

Judgment of the trial court is affirmed.