Mrs. H. M. JOHNSON et al., Appellants,

v.

Eva FAULK, Administratrix of the Estate of
Zillah Elledge, deceased, Appellee.

No. 554.

Court of Civil Appeals of Texas,
Tyler.

July 29, 1971.

Rehearing Denied Sept. 2, 1971.

Wynne & Wynne, B. J. Wynne, Wills Point, for appellants.

Ramey, Brelsford, Flock, Devereux & Hutchins, Mike Hatchell, Tyler, for appellee.

MOORE, Justice.

Zillah Elledge, deceased, instituted this suit against her sisters, Mrs. H. M. Johnson and Artis Morales, defendants, seeking a permanent injunction enjoining them from interfering with her use of a certain roadway across defendants' land which she used in gaining access to her land. After the death of Zillah Elledge, Eva Faulk, administratrix of her estate was substituted as party-plaintiff. The parties will hereinafter carry the same designation as in the trial court.

As grounds for a cause of action, plaintiff alleged that access to her land was had by following an existing roadway over the defendants' land, which roadway had been in existence for more than 56 years. While a metes and bounds description of the land owned by the defendants is set forth in plaintiff's petition, the roadway easement which she sought to establish was described only as a roadway lying on defendants' land beginning on the west boundary line thereof and meandering along the west boundary line, and from there along the south boundary line of defendants' land onto plaintiff's tract at the northwest corner thereof. Her prayer was for judgment establishing an easement together with a perpetual injunction enjoining defendants from "obstructing said roadway or interfering with its use by plaintiff, her successors in title, or the public generally."

Trial was before the court without the aid of a jury. After hearing the evidence, the trial court took the case under advisement and subsequently informed the parties by letter that he was going to enter judgment for the plaintiff granting an easement for a roadway as described in plaintiff's petition and that the defendants

would be permanently enjoined from interfering with its use by the plaintiff and her successors in title or by the public generally. A judgment was prepared and entered on February 28, 1967. Approximately two years later plaintiff discovered that the judgment did not grant an easement in accordance with her pleadings but instead granted her an easement only "along the west boundary line of the defendants' tract of land." Thereupon plaintiff filed a motion for judgment nunc pro tunc alleging that by mistake and inadvertence the original judgment failed to grant her an easement along the south boundary line of defendants' land and continuing on to the northwest corner of her tract as described in her petition. She prayed that a new judgment be entered describing the easement in the same manner as set forth in her petition and as directed by the court in the letter addressed to the parties. After a hearing on the motion, the trial court entered a judgment nunc pro tunc describing the roadway easement substantially as set forth in plaintiff's petition. The judgment nunc pro tunc was entered on the 5th day of November, 1970. Except for the additional description the judgment nunc pro tunc decreed the same relief as the original judgment. Defendants perfected this appeal.

The record contains a statement of facts, both upon the original trial upon the merits in February, 1967, and upon the hearing on the motion for judgment nunc pro tunc in November, 1970. The record does not, however, contain any findings of fact or conclusions of law.

Defendants seek a reversal by six points of error asserting among other things that there is no evidence to support the trial court's implied finding of (1) an easement by prescription or (2) an implied easement appurtenant or way by necessity. We sustain defendants' contention and reverse and remand the cause to the trial court.

▇ In the absence of findings of fact and conclusions of law, it is our duty to examine the record and determine whether there is any evidence of probative force, when viewed in a light most favorable to the plaintiff, to sustain the judgment. With this rule in mind, we will first undertake to discuss plaintiff's claim of an easement by prescription.

▇ The burden of proving the existence of an easement upon the roadway in question in the absence of contract or express grant, was upon the plaintiff. 21 Tex.Jur.2d, sec. 60, p. 189.

▇ In order to establish an easement by prescription, the essential and necessary elements are that the use and enjoyment of said road was exclusive, uninterrupted and continuous under a claim of right adverse to and inconsistent with the rights of the owner (defendants) of the fee. Above all, a prescriptive right against the owner of land must be "adverse" signifying acquirement by the statute of limitations by "actual and visible appropriation," commenced and continued under a claim of right "inconsistent" with and "hostile" to the claim of the owner. Article 5515, V.A.T.S. Courts are uniform in holding that upon failure to establish any of the essential elements by a preponderance of the evidence, such claim of an easement by prescription cannot be maintained. The requisite elements to establish the easement are as in establishment of title by limitation and trespass to try title. Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622, 626; Sassman v. Collins, 53 Tex.Civ.App. 71, 115 S.W. 337 (1908, err. ref.).

▇ The mere use of a road on another's land, either by license or permission of the owner, is not within itself adverse and hostile, and affords no basis for prescription; and the fact of the owner's acquiescing and consenting to the use, and knowing that the road is being so used, does not import such use was adverse and hostile to the owner's right of use and possession; nor does such import that the user of the road has or is asserting adverse use or

possession. Weber v. Chaney, 5 S.W.2d 213 (Tex.Civ.App., San Antonio, 1928). In the case of Gooding v. Sulphur Springs Country Club, 422 S.W.2d 522, 525, this court said:

"To establish an easement by prescription over the land of another, it must be shown that the use was open, notorious, hostile, adverse, uninterrupted, exclusive and continuous for a period of more than ten years. A failure to prove any one of the essential elements is fatal. * * *"

The foregoing principles find support in the following cases: O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878 (1960); Othen v. Rosier, supra.

The record leaves much to be desired. Plaintiff offered no proof of record title to any of the lands involved. Defendants were not represented by an attorney. The proof offered by plaintiff consists solely of oral testimony and a plat showing five contiguous tracts of land. The plat is not drawn to scale and contains no metes and bounds description of any of the land. The tracts are numbered 1 through 5 with the name of each owner set forth on each tract. While defendant, Mrs. H. M. Johnson, is shown to be the owner of tract No. 3, plaintiff's petition does not seek a roadway easement over her tract and therefore we must assume that only injunctive relief was sought against her. According to the plat, plaintiff owns tract No. 5 and defendant, Artis Morales owns tract No. 4. A common boundary line, running north and south, separates the two tracts with tract No. 5 being on the east side and tract No. 4 on the west side of the boundary line. The roadway in question is designated by a group of arrows commencing at a public road on the west side of tract No. 4. From that point it extends east along the south end of tract No. 4 to the boundary line between tracts No. 4 and No. 5 and then turns in a northerly direction following the meanders of the boundary line between the two tracts going to the north-

west corner of tract No. 5 to a house situated thereon. The roadway is entirely situated on tract No. 4 and follows the entire distance of the south and east boundaries thereof.

While the record contains no deeds or other instruments showing record title in any of the parties, we gather from the oral testimony that the two tracts of land involved here once formed a part of a larger tract owned by Elizabeth Elledge, the mother of the parties, and that she deeded the respective tracts to plaintiff and defendants sometime in 1946. The evidence shows that the road, or at least some road in the vicinity of the present road, had been used for many years by the members of the Elledge family as a means of gaining access to the public road. It was used in going to and from the old Elledge home place which was situated on tract No. 5 now claimed by plaintiff. After plaintiff and defendants took possession of their respective tracts, Zillah Elledge and Artis Morales built homes on their respective tracts and all parties continued to use the road as they had in the past. There is no evidence in the record that Zillah or her predecessors in title ever denied defendants the use and full enjoyment of the roadway in question. On the contrary, the evidence shows that plaintiff and her predecessors in title used the road for the same purposes as the defendants and their predecessors in title which was to get to their property from the public road. Artis Morales testified that she utilized the road for general purposes in the enjoyment of her land. There is no evidence showing that the plaintiff ever claimed a right to use the roadway to the exclusion of the defendants nor is there any evidence that the public generally ever used the roadway or asserted any right or claim to the exclusion of defendants. Consequently, if the trial court's judgment is based upon a finding that plaintiff and the public had matured a private or public easement in the roadway by prescription, we hold that the judgment is without support in the evidence.

Plaintiff maintains, nevertheless, that the judgment may be sustained upon the theory that the trial court found an implied easement appurtenant or a way by necessity. We are not in accord with this proposition.

It is the settled law that "(w)here the owner of an entire tract of land * * * employs a part thereof so that one derives from the other a benefit or advantage of a continuous, permanent, and apparent nature, and sells the one in favor of which such quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication. * * *" 28 C.J.S. Easements § 31, p. 687; Barrick v. Gillette, 187 S.W.2d 683, 686 (Tex.Civ. App., Eastland, 1945); Steele v. Ainsworth, 249 S.W.2d 656 (Tex.Civ.App., Eastland, 1952, n. w. h.).

■ In order to prove an implied easement appurtenant, plaintiff had the burden of proving four essential elements, to-wit: (1) that there was unity of ownership of the alleged dominant and servient estates; (2) that the use of the easement must have been apparent at the time of the grant; (3) that the use of the easement until the time of the grant must have been continuous and so conspicuous as to indicate permanence; and (4) that the easement must be reasonably necessary to a fair and enjoyable use of the dominant estate. Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196 (Tex.Sup., 1963); Fender v. Schaded, 420 S.W.2d 468 (Tex.Civ.App., Tyler, 1967, writ ref., n. r. e.).

■ The foregoing rules requiring that the easement be apparent and continuous as a requisite to a grant or a reservation thereof by implication do not apply to a way of necessity. Barrick v. Gillette, supra. As we view it, plaintiff's claim is based upon an implied grant or reservation of an easement upon an existing roadway. We do not view the case as one to establish a necessity for the opening of a roadway as where a grantor sells land completely surrounded and fails to provide grantee with a means of ingress and egress. In either case, however, these types of easements are not permanent ones, but exist from the very necessity that created them, and the same will cease immediately upon the termination of said necessity. In other words, easements of this nature are only temporary. Sassman v. Collins, supra.

■ A review of plaintiff's petition shows that she made no attempt to plead a cause of action upon an implied easement. Nowhere in her petition does she allege a unity of ownership of the dominant and servient estate. Her only plea was that she was entitled to an easement because the roadway in question had been in existence for more than 56 years. Plaintiff does not claim the dominant estate as a result of any privity with her sister, Mrs. Morales. Her argument is that unity of ownership in the dominant and servient estate was once vested in her mother and as a result of a deed from her mother she acquired the dominant estate together with the implied easement to the roadway. Her proof, however, fails because she failed to establish record title to the dominant estate. In proving implied easements, it must be established, as between the parties that plaintiff had title to the dominant estate. Neilon v. Texas Trust & Security Co., 147 S.W.2d 321 (Tex.Civ.App., Austin, 1940, dism., judgm. cor.). Having failed to establish title to the dominant estate, her claim of an implied easement cannot be sustained.

■ We are of the further opinion that plaintiff cannot recover upon the theory of an implied easement because to permit a recovery on this theory would allow her to change her theory of recovery on appeal. As we view it, the case was tried upon the theory that plaintiff had perfected an easement by prescription. Nowhere in the record is an implied easement plead or suggested. Moreover plaintiff sought a permanent injunction thus indicating that she was seeking to protect a permanent easement rather than a temporary one. Furthermore, we think the judg-

ment entered by the trial court amply demonstrates that the court was of the opinion that the case involved a permanent easement rather than a temporary one, otherwise the trial court would not have entered a perpetual injunction permanently protecting the use thereof to the plaintiff and the public generally. Certainly the trial court would not have entered a perpetual injunction to protect a temporary easement.

The well established rule is that parties are restricted in the appellate court to the theory on which the case was tried in the lower court. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238; Meletio Electrical Supply Company v. Martin, 437 S.W.2d 927 (Tex.Civ.App., Waco, 1969, n. w. h.). Under the view we take of the case, it will not be necessary to discuss defendants' remaining points complaining of the entry of the judgment nunc pro tunc.

The judgment is reversed and the cause is remanded.