MEMORANDUM OPINION



No. 04-03-00166-CV



Roy O. PERKINS III,


Appellant



v.



KRAUTER FAMILY PARTNERSHIP, LTD. and James C. Krauter,


Appellees



From the 216th Judicial District Court, Kendall County, Texas


Trial Court No. 00-338


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: September 22, 2004


AFFIRMED

 Roy O. Perkins appeals the trial court's judgment finding that an easement appurtenant by
implied grant burdens Perkins' property in favor of James C. Krauter, who owns and operates the
Ingenhuett General Store in Comfort, Texas and the Krauter Family Partnership, which owns the real
estate upon which the store is situated. We affirm the trial court's judgment.

 1. Testimony of Gregory James Krauter - Perkins first argues the trial court erred in
admitting the testimony of Gregory James Krauter, a descendant of the dominant estate's original
owner, regarding events pre-dating his birth, including use of the purported easement. We disagree.
See Akers v. Stevenson, 54 S.W.3d 880, 886 (Tex. App.-Beaumont 2001, pet. denied) (holding that
the testimony of the great-grandson of the dominant estate's original owner admissible hearsay
pursuant to Rules 803(19), (20) and 804(b)(3), which permits testimony regarding personal or family
history and boundaries of or customs affecting lands in the community).

 2. Perkins next argues the evidence is legally and factually insufficient to support the trial
court's findings of three of the essential elements of an implied easement. We again disagree.

 a. Apparent and Continuous Use - Two of the elements of an implied easement
appurtenant by implied grant are apparent use of the easement at the time the dominant estate was
granted and continuous use of the easement so that the parties must have intended that its use pass
by grant. Bickler v. Bickler, 403 S.W.2d 354, 357 (Tex. 1966). "Whether these requirements have
been met are to be determined at the time of severance." Holden v. Weidenfeller, 929 S.W.2d 124,
129 (Tex. App.-San Antonio 1996, writ denied). The trial court found that an easement across
Perkins's property has been in apparent and continuous use as an easement since 1891. This finding
is amply supported by the testimony of seventy-eight year old James Krauter, who testified that the
easement, which was created before he was born, has been used as an easement for as long as he can
remember; he specifically remembers using it in conjunction with playing baseball in the 1930s (when
the dominant and servient estates were severed). Also significant is that Krauter's water line, which
was installed in approximately 1921, runs alongside the easement. Indeed, during a 2000 upgrade
to the driveway on the easement, Perkins removed the gate lock that had been in use since the 1920s.

 b. Reasonably Necessary - Another element of an implied easement appurtenant by
implied grant is that the easement "is" reasonably necessary to the use and enjoyment of the dominant
estate. See Bickler, 403 S.W.2d at 357 ("The only question remaining is whether use of the driveway
is necessary to use of the dominant estate.") (emphasis added). "In implying an easement by grant,
our courts have adopted the rule of reasonable, rather than strict, necessity." Fender v. Schaded, 420
S.W.2d 468, 472 (Tex. Civ. App.-Tyler 1967, writ ref'd n.r.e.). Thus, "[t]he degree of 'necessity'
required to establish an easement by implied grant is merely such as renders the easement necessary
for the convenient and comfortable enjoyment of the property as it existed when the severance was
made." Id.; see also Teich v. Haby, 408 S.W.2d 562, 566 (Tex. Civ. App.-San Antonio 1966, writ
ref'd n.r.e.) ("In cases involving easements by implied grant, it is sufficient if the easement in question
was reasonably necessary to the enjoyment of the land conveyed."). Both James C. Krauter and
Gregory Krauter testified that the easement was reasonably necessary to the enjoyment of their
property.

 3. Perkins next argues that the trial court erred in awarding easement without specifying
its location. However, the location of the easement is specified on the parties' exhibits; and there was
no dispute at trial regarding the location of the easement. Accordingly, the error, if any, in failing to
specify the location of the easement was waived. See Tex. R. App. P. 33.1(a)(1).

 4. Finally, Perkins argues the trial court erred in failing to restrict the Krauters' use of
the easement for activities on Lot 101. Again, however, this issue was not raised at trial and was
waived. See Tex. R. App. P. 33.1(a)(1).

 The trial court's judgment is affirmed.

 

 Sarah B. Duncan, Justice